UNITED STATES of America,
Plaintiff—Appellee,

v.

Samuel Roy BRANDON, Jr.,
Defendant—Appellant.

No. 03–10596.

D.C. No. CR–03–00101–RLH.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Crane Pomerantz, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., Federal Public Defenders Office, Las Vegas, NV, for Defendant–Appellant.

Before PREGERSON, HAWKINS, and GRABER, Circuit Judges.

## MEMORANDUM **

Samuel Roy Brandon, Jr. appeals from his conviction after a bench trial for escape from custody, in violation of 18 U.S.C. § 751(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Brandon contends that the district court erred when it granted the government's *in limine* motion to exclude evidence of his voluntary intoxication at trial. We disagree. In *United States v. Bailey*, 444 U.S. 394, 408, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980), the United States Supreme Court rejected the proposition that escape from federal custody requires proof that an escapee acted "with an intent to avoid confinement," and instead ruled that the government must prove only that an escapee knew his actions would result in his leaving confinement without permission. A defendant may offer evidence of voluntary intoxication for the purpose of negating intent only when he is accused of a specific intent crime. *See United States v. Burdeau*, 168 F.3d 352, 356 (9th Cir.1999).

Here, we need not address whether there are exceptional situations where a defense based on voluntary intoxication in a federal escape case should be allowed, because, in light of Brandon's evasive actions when authorities attempted to arrest him, it was not error to exclude evidence of voluntary intoxication.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.